IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 96-40313
Summary Calendar
_____

ROBERT J. HURYSZ,

Plaintiff-Appellant,

versus

OCEAN SHIPS, INC. and
WILMINGTON TRUST CO.,

Defendants-Appellees.

_____

Appeal from the United States District Court for
the Southern District of Texas
(G-95-50)
_____

April 23, 1997

Before REAVLEY, BARKSDALE and DENNIS, Circuit Judges.

PER CURIAM:[*]

Robert Hurysz, employed as a seaman on the tanker M/V PEARL
BUCK, operated by Ocean Ships, Inc., was injured when bringing in
a mooring line by hand.  Hurysz sued Ocean Ships and Wilmington
Trust Co., the owner of the ship, alleging Jones Act negligence
and unseaworthiness.  46 U.S.C. §688.  At trial, the jury

_____

[*] Pursuant to Local Rule 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in Local Rule
47.5.4.

returned a verdict finding that Hurysz was injured on the ship as he alleged, but also finding that defendants were not negligent, nor the ship unseaworthy.  The district court rendered judgment for the defendants, awarding nothing to Hurysz.

Hurysz argues on appeal that the jury's verdict is unsupportable as a matter of law because of evidence that Ocean Ships had determined in a safety meeting that lines would be brought in by mechanical and not manual means.  Appellant contends the temporary unavailability of the winch resulted in the unseaworthiness of the vessel, and a reasonable jury could not have found otherwise.

At trial, however, plaintiff failed to move for a directed verdict at the close of all the evidence or for a judgment n.o.v. following the return of the verdict.  Our review is therefore "limited to whether there was *any* evidence below to support the jury's verdict, irrespective of its sufficiency, or whether plain error was committed which, if not noticed, would result in a 'manifest miscarriage of justice.'"  *Coughlin v. Capitol Cement Co.,* 571 F.2d 290, 297 (5th Cir. 1978); *MacArthur v. University of Tex. Health Center at Tyler,* 45 F.3d 890, 896 n.8 (5th Cir. 1995).

The evidence tendered before the jury was that Hurysz injured himself while manually handling a mooring line, a routine operation in his duties as a seaman.  The jury heard further

evidence that the ship's equipment was neither defective nor inadequate for the intended purposes of securing the mooring lines. Although the ship's operators had earlier decided in the course of safety meetings to use mechanical means to bring in ship lines whenever possible, manual handling of the lines would still be necessary and expected under certain conditions.

From the evidence in the record, the jury could have concluded that the M/V PEARL BUCK was not unseaworthy and that Ocean Ships was not negligent in permitting seamen to bring the lines in by hand on the occasion in question. Accordingly, the trial court did not abuse its discretion in dismissing Hurysz' claims and finding for defendant.

AFFIRMED.